```
                                           F I L E D
                                    CLERK, U.S. DISTRICT COURT

                                          3/21/2024

                                    CENTRAL DISTRICT OF CALIFORNIA
                                    BY: _____TV_____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>                v.<br><br>EDMOND CHAKHMAKHCHYAN,<br>  aka "Corruption,"<br><br>                Defendant. | CR No. 2:24-cr-00189-HDV<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 371: Conspiracy;<br>18 U.S.C. § 2512(1)(c)(ii):<br>Advertising a Device as an<br>Interception Device;<br>18 U.S.C. §§ 981(a)(1)(C) and 2513<br>and 28 U.S.C. § 2461(c): Criminal<br>Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 371]

A.   OBJECTS OF THE CONSPIRACY

    Beginning on an unknown date, but no later than in or about April 2020, and continuing to at least in or about September 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant EDMOND CHAKHMAKHCHYAN, also known as "Corruption," Unindicted Coconspirator 1 ("UICC 1"), and Unindicted Coconspirator 2 ("UICC 2"), together with others known and unknown to the Grand Jury, knowingly conspired and agreed:

a.   to disseminate by electronic means an advertisement of an electronic or other device, where such advertisement promoted the use of such device for the purpose of the surreptitious interception of wire and electronic communications, knowing the content of the advertisement, and knowing or having reason to know that such advertisement would be transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 2512(1)(c)(ii).

b.   to knowingly cause the transmission of a program, information, code, and command, and as a result of such conduct, intentionally cause damage without authorization to a protected computer, and have such conduct cause damage affecting 10 or more protected computers during any one-year period, in violation of Title 18, United States Code, Section 1030(a)(5)(A), (c)(4)(B)(i), and (c)(4)(A)(i)(VI).

c.   to intentionally access a computer without authorization, and thereby obtain information from a protected computer for the purpose of private financial gain and with the value of such information exceeding $5,000, in violation of Title 18, United States Code, Section 1030(a)(2)(C), (c)(2)(B)(i), and (c)(2)(B)(iii).

B.   MANNER AND MEANS OF THE CONSPIRACY

The objects of the conspiracy were to be accomplished in substance as follows:

a.   UICC 1 would create a type of malware known as a remote access trojan ("RAT"), initially named "Firebird" and later renamed "Hive," that would be capable of surreptitiously connecting to victims' computers and allow the RAT owner to close or disable

programs, browse files, record keystrokes, access incoming and outgoing communications, and steal victim passwords and other credentials for bank accounts and cryptocurrency wallets, all without the victims' knowledge or permission.

b.   UICC 1 would create the license keys necessary to use Hive RAT and send them to defendant CHAKHMAKHCHYAN.

c.   Defendant CHAKHMAKHCHYAN would accept contracts from purchasers of Hive RAT, cause the license keys to be sent to purchasers after payment, and provide customer support, all in exchange for a percentage of the proceeds from the sales of Hive RAT.

d.   Defendant CHAKHMAKHCHYAN would post advertisements on the website Hack Forums, offering to sell licenses to use Hive RAT and describing Hive RAT's functionalities, including the following:

i.   "HVNC Module" with "the ability to connect" to the victim's computer "via VNC with no prompts or windows required" while "work is done separately under a new desktop," which "makes it extremely convenient to gain remote control access" "without interference" from the computer's user;

ii.   "Hidden Browser Controller";

iii. "UAC Exploit" with "the ability to elevate user permission to Administrator, without the need of any prompts, windows, or user-input" alerting the victim, which "can be extremely useful when modifying the registry, performing command line operations, and other general operations";

iv.   "Live Keylogging"; and

v.   "Get Clipboard."

e.   Defendant CHAKHMAKHCHYAN would answer questions from potential customers, including UICC 2, about Hive RAT and the terms of purchase.

f.   Defendant CHAKHMAKHCHYAN would accept contracts from customers, including UICC 2, purchasing Hive RAT licenses in exchange for Bitcoin.

g.   Defendant CHAKHMAKHCHYAN would provide customer support to purchasers, including UICC 2, by answering questions about using and troubleshooting Hive RAT.

h.   Purchasers of Hive RAT, including UICC 2, would transmit Hive RAT to protected computers and gain unauthorized control over and access to these computers, which allowed the RAT purchaser to close or disable programs, browse files, record keystrokes, access incoming and outgoing communications, and steal victim passwords and other credentials for bank accounts and cryptocurrency wallets, all without the victims' knowledge or permission.

C.   OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, defendant CHAKHMAKHCHYAN, UICC 1, UICC 2, and others known and unknown to the Grand Jury, on or about the dates set forth below, committed and caused to be committed various overt acts, in the Central District of California and elsewhere, including, but not limited to, the following:

Overt Act No. 1:   On April 22, 2020, via electronic messages, defendant CHAKHMAKHCHYAN and UICC 1 discussed changing the name of the RAT malware created by UICC 1 from "Firebird" to "Hive."

Overt Act No. 2:   On April 24, 2020, defendant CHAKHMAKHCHYAN

posted a message on the website Hack Forums that read, "Firebird is being remade and under new management."

Overt Act No. 3:    On April 29, 2020, via electronic messages, UICC 1 and defendant CHAKHMAKHCHYAN agreed that for his role, defendant CHAKHMAKHCHYAN would receive 25 percent of the sales proceeds "in the beginning" and 30 percent "later on once sales take off."

Overt Act No. 4:    On May 10, 2020, via electronic messages, UICC 1 sent to defendant CHAKHMAKHCHYAN suggestions for the Hive RAT advertisement.

Overt Act No. 5:    On May 11, 2020, via electronic messages, defendant CHAKHMAKHCHYAN sent a draft advertisement to UICC 1 for review.

Overt Act No. 6:    On May 13, 2020, via electronic messages, defendant CHAKHMAKHCHYAN and UICC 1 discussed the prices for Hive RAT licenses.

Overt Act No. 7:    On May 14, 2020, defendant CHAKHMAKHCHYAN posted an advertisement for Hive RAT on the website Hack Forums that priced Hive RAT at $35 for three months or $90 for one year, and listed Hive RAT's functionalities, including "HVNC Module," "Hidden Browser Controller," "UAC Exploit," "Live Keylogging," and "Get Clipboard."

Overt Act No. 8:    On May 30, 2020, via electronic messages, UICC 1 told defendant CHAKHMAKHCHYAN that the Hive RAT sales "total balance is 822 so you get 205."

Overt Act No. 9:    On June 14, 2020, via electronic messages, UICC 2 asked defendant CHAKHMAKHCHYAN about the HVNC functionality of Hive RAT.

Overt Act No. 10:    On June 14, 2020, via electronic messages, defendant CHAKHMAKHCHYAN explained to UICC 2 that Hive RAT's HVNC capability allowed the Hive RAT user to access another person's computer without that person knowing about the access.

Overt Act No. 11:    On June 14, 2020, via electronic messages and in response to a question from UICC 2 about whether Hive RAT allowed the user to "quickly download any folders from a victim's pc," defendant CHAKHMAKHCHYAN responded that he "might be able to push this feature on our upcoming updates."

Overt Act No. 12:    On June 14, 2020, via electronic messages, UICC 2 told defendant CHAKHMAKHCHYAN that he was buying Hive RAT because "someone back stabbed me and I know a way to get him back."

Overt Act No. 13:    On June 14, 2020, via electronic messages, UICC 2 told defendant CHAKHMAKHCHYAN that he needed a RAT "to get some project files" and "email" from the victim's computer.

Overt Act No. 14:    On June 14, 2020, via electronic messages, UICC 2 explained to defendant CHAKHMAKHCHYAN that "the point" of installing Hive RAT on the victim's computer was because the victim had "20k in bitcoin on a blockchain wallet" and "has project files worth over 5k."

Overt Act No. 15:    On June 14, 2020, via electronic messages, defendant CHAKHMAKHCHYAN agreed to sell Hive RAT to UICC 2.

Overt Act No. 16:    On June 21, 2020, via electronic messages, UICC 2 asked defendant CHAKHMAKHCHYAN about the "new update" for Hive and if there would be a function that allowed the Hive RAT owner to "download folders & files from file manager."

Overt Act No. 17:    On June 21, 2020, via electronic messages and in response to UICC 2's message about the "new update," defendant

CHAKHMAKHCHYAN responded that he had already put in a "request" with his "coders."

Overt Act No. 18:   On June 22, 2020, via electronic messages, UICC 1 told defendant CHAKHMAKHCHYAN that sales of Hive RAT had been "pretty [c]onsistent the last few days" and he would "include $450 in your cut."

Overt Act No. 19:   On June 22, 2020, via electronic messages, UICC 1 told defendant CHAKHMAKHCHYAN that he was "adding 50 keys" for additional Hive RAT licenses that defendant CHAKHMAKHCHYAN could distribute to purchasers.

Overt Act No. 20:   On July 30, 2020, defendant CHAKHMAKHCHYAN accepted a purchase contract and sold a three-month license for Hive RAT to an individual defendant CHAKHMAKHCHYAN believed to be a Hive RAT customer, but who was, in fact, an undercover law enforcement employee located in the Central District of California.

COUNT TWO

[18 U.S.C. § 2512(1)(c)(ii)]

On or about May 14, 2020, in Los Angeles County, within in the Central District of California, and elsewhere, defendant EDMOND CHAKHMAKHCHYAN, also known as "Corruption," disseminated by electronic means an advertisement of an electronic or other device capable of intercepting wire and electronic communications, namely, a remote access trojan malware called Hive RAT, where such advertisement promoted the use of such device for the purpose of surreptitious interception of wire and electronic communications, knowing the content of the advertisement, and knowing or having reason to know that such advertisement would be transported in interstate commerce and foreign commerce.

1                          FORFEITURE ALLEGATION ONE

2              [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

3      1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4   Procedure, notice is hereby given that the United States of America

5   will seek forfeiture as part of any sentence, pursuant to Title 18,

6   United States Code, Section 981(a)(1)(C) and Title 28, United States

7   Code, Section 2461(c), in the event of defendant's conviction of the

8   offenses set forth in Count One of this Indictment.

9      2.    Any defendant so convicted shall forfeit to the United

10  States of America the following:

11          (a)   All right, title, and interest in any and all

12  property, real or personal, constituting, or derived from, any

13  proceeds traceable to the offenses; and

14          (b)   To the extent such property is not available for

15  forfeiture, a sum of money equal to the total value of the property

16  described in subparagraph (a).

17     3.    Pursuant to Title 21, United States Code, Section 853(p),

18  as incorporated by Title 28, United States Code, Section 2461(c), any

19  defendant so convicted shall forfeit substitute property, up to the

20  value of the property described in the preceding paragraph if, as the

21  result of any act or omission of said defendant, the property

22  described in the preceding paragraph or any portion thereof

23  (a) cannot be located upon the exercise of due diligence; (b) has

24  been transferred, sold to, or deposited with a third party; (c) has

25  been placed beyond the jurisdiction of the court; (d) has been

26  substantially diminished in value; or (e) has been commingled with

27  other property that cannot be divided without difficulty.

28

1          FORFEITURE ALLEGATION TWO

2        [18 U.S.C. § 2513 and 28 U.S.C. § 2461(c)]

3        1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4   Procedure, notice is hereby given that the United States of America

5   will seek forfeiture as part of any sentence, pursuant to Title 18,

6   United States Code, Section 2513 and Title 28, United States Code,

7   Section 2461(c), in the event of defendant's conviction of the

8   offense set forth in Count Two of this Indictment.

9        2.    Any defendant so convicted shall forfeit to the United

10  States of America the following:

11            (a)  All right, title, and interest in any electronic,

12  mechanical, or other device used, sent, carried, manufactured,

13  assembled, possessed, sold, or advertised in violation of 18 U.S.C.

14  §§ 2511 or 2512; and

15            (b)  To the extent such property is not available for

16  forfeiture, a sum of money equal to the total value of the property

17  described in subparagraph (a).

18       3.    Pursuant to Title 21, United States Code, Section 853(p),

19  as incorporated by Title 28, United States Code, Section 2461(c), any

20  defendant so convicted shall forfeit substitute property, up to the

21  value of the property described in the preceding paragraph if, as the

22  result of any act or omission of said defendant, the property

23  described in the preceding paragraph or any portion thereof

24  (a) cannot be located upon the exercise of due diligence; (b) has

25  been transferred, sold to, or deposited with a third party; (c) has

26  been placed beyond the jurisdiction of the court; (d) has been

27  //

28  //

10

1    substantially diminished in value; or (e) has been commingled with

2    other property that cannot be divided without difficulty.

3

4

                                        A TRUE BILL

5

6

                                        _____/s/_____

7                                       Foreperson

8

9    E. MARTIN ESTRADA
     United States Attorney

10

11

12   CAMERON L. SCHROEDER
     Assistant United States Attorney
     Chief, National Security Division

13

14   KHALDOUN SHOBAKI
     Assistant United States Attorney
     Chief, Cyber & Intellectual
15      Property Crimes Section

16   LAUREN RESTREPO
     Assistant United States Attorney
17   Deputy Chief, Cyber &
        Intellectual Property Crimes
18      Section

19   SUE J. BAI
     Assistant United States Attorney
20      Terrorism and Export Crimes
        Section

21

22

23

24

25

26

27

28

                                        11